[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION ON MOTION TO SUPPRESS
THE COURT: Okay. All right. Here's how I see this: think that because of the photo ID, that clearly Mr. Williams was in custody or he was detained, he was within the control of the police. So the suggestiveness that comes from a one on-one showup of someone who is in the control of the police was present there. And I think it's fair to say that Ms. Paternostro understood the police were holding somebody that they believe was a suspect and to go out and see if it was her view that they were correct. I don't think she was a rubber stamp. She did not identify one CT Page 8816 person. She did identify Mr. Williams. So I think the focus of this is on the reliability prong. And I would say that the — so without really reaching this — we're just passing by the first prong of unnecessarily suggestive, and without making a definitive ruling on that, I believe that based on the fact that the — this happened in daylight, in her office, and although the people wore stocking masks, she testified that she did get a view of them. She did tell them that she recognized them and, in a rather bold statement, said you're not going to get away with it. Her degree of attention, while at times was fixed on other things, and her self-protection was at times fixed on the people that came in there, her — the time frame between the incident and the confrontation on the street was short. We're only talking about a few hours here in the middle of the day. Her degree of certainty with respect to Mr. Williams was quite positive.
I just think that I do not believe there was a very substantial likelihood of irreparable misidentification based on the circumstances of this identification procedure. I think it was adequately reliable so that it should not be suppressed from the jury. And the points the defense made can be made again at trial and the jury should consider that in considering the strength of this ID. But I don't think it's of a nature that should be suppressed and excluded from the jury's consideration.
So, for all those reasons, the motion to suppress is denied.
Honorable Robert J. Devlin, Jr., J.